

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Antonio Guerrero,
    Petitioner

v.

The United States of America,
    Respondent

Civil Action   Case No. 17-CV-7893

Related Criminal
Case No. 1:90-CR-00339-01

## MEMORANDUM OF LAW IN SUPPORT TO PETITIONER'S TITLE 28 U.S.C §2255(A) MOTION

Petitioner, Antonio Guerrero, acting pro se hereby moves this Court to vacate, set aside, or correct his conviction and/or sentence pursuant to Title 28 U.S.C §2255(a) based on grave injustice from several constitutional violations that he has suffered resulting from his federal criminal conviction.

Grounds for granting Petitioner the relief he seeks is as follows:

### JURISDICTION

Any person who is being held in federal custody pursuant Title 28 U.S.C. §2255 permits a court to "vacate, set aside or correct," a conviction or sentence imposed in violation of the Constitution or laws of the United States 28 U.S.C. §2255(a).

A properly filed §2255 motion must allege that:

(1) The sentence was imposed in violation of the Constitution of laws of the United States; (2) the sentencing court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attach. Id.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

Accordingly, collateral relief under §2255 is available "only for constitutional error, a lack of jurisdiction in the sentencing court, or an error of law of fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F. 3d 8,12 (2d Cir. 1995)(quoting Hill v. United States, 368 US 424, 82 S.Ct. 468, 7LEd. 2d 417 (1962)).

Additionally, this petition has been filed within the one year statute of limitations provided in the Aniterrorism and Death Penalty Act of 1996/A.E.D.P.A from the date Petitioner's conviction became finalized see Clay v. United States, 537 U.S. 522 (2003).

## PROCEDURAL HISTORY

In April 2009, the Grand Jury for the U.S. District Court for the Southern District of New York returned an indictment charging Guerrero with two counts of intentionally causing a killing while engaged in a conspiracy to distribute 50 grams or more of a substance containing cocaine base, an offense punishable under 21 U.S.C. §841(b)(1)(A), all in violation of 21 U.S.C. §848(e)(1)(A). The indictment did not charge Guerrero with the underlying drug conspiracy. This was because the government was, by this time, well past the five-year statute of limitations for a drug conspiracy charge. See 18 U.S.C. §3282(a).

In June 2010, the matter proceeded to a jury trial. Following the presentation of evidence, this Court instructed the jury that, to find Guerrero guilty of the §848(e) charges, it had to find that Guerrero killed while engaged in a drug conspiracy involving 50 grams or more of crack cocaine (and, therefore, punishable under §841(b)(1)(A)). Pet.App.4a. After a six-week trial, the jury found Guerrero guilty on both counts.

On August 3, 2010, the President signed the Fair Sentencing Act of 2010 (the "Act" or the "FSA"). Among other things, it increased the threshold

quantity of cocaine base needed to punish a defendant under §841(b)(1)(A), raising it from 50 grams or more to 280 grams or more.

Leading up to sentencing, Guerrero's Defense Counsel filed a sentencing memorandum noting that the FSA applied to his case to place the burden on the government to prove beyond a reasonable doubt that a drug trafficking offense was truly punishable under §841(b)(1)(A)--meaning that it involved 280 grams or more of cocaine base threshold was an element of the offense that needed to be proved to the jury beyond a reasonable doubt, the government had failed to prove an element of the offense to the jury beyond a reasonable doubt. In other words, the FSA meant the government had, in retrospect, had proved Guerrero's involvement with an offense punishable under §841(b)(1)(B), not (b)(1)(A). This was insufficient under §848(e).

This court filed an opinon recognizing that, as a result of <u>Dorsey v. United States</u>, 132 S.Ct 232 L (2012) the FSA applied to Guerrero. This Court even recognized that drug quantity thresholds triggering mandatory minimums are elements of the offense that must be found by a jury beyond a reasonable doubt. But this Court found that "examination of the tenses of §848(e)(1)(A) suggests the incorporation of the §841(b)(1)(A) terms in effect at the time of the crime of conviction." As a result, this Court concluded that, despite the application of the FSA to Guerrero's case, the Act had not changed the meaning of the phrase "punishable under §841(b)(1)(A)" found in §848(e). Although the FSA clearly applied the Guerrero's case and changed what drug quantity was required to be proved for a defendant's conduct to be punishable under §841(b)(1)(A), and despite the plain language of <u>Dorsey</u>, this Court interpreted the phrase as applying to conduct when the offense was committed, not when the defendant was sentenced.

This Court imposed a sentence of 25 years of imprisonment for each offesne, running concurrently. Guerrero timely applied.

On appeal to the Second Circuit, Guerrero argued that the District Court by failing to reverse Guerrero's convictions, as the government failed to prove an element of each offense to the jury beyond a reasonable doubt. That element was that Guerrero killed while "engaging in an offense punishable under" §841(b)(1)(A). That element was not proved because, again, the FSA's new drug quantity thresholds applied to Guerrero and yet the jury had not found him responsible for 280 grams or more of cocaine base.

The Second Circuit disagreed and denied relief. Without citation to any authority, the court of appeals interpreted §848(e) as providing that a defendant may be convicted if engaged in a drug trafficking offense punishable under §841(b)(1)(A) "at the time he committed intentional murder." "The crime is complete at the time of the murder, see 21 U.S.C §848(e)(1)(A), and it is as of that time that the statute's drug trafficking element is measured." To the court of appeals panel below, the fact that Dorsey applied the FSA's increased drug quantity thresholds to Guerrero's case was of no moment because the FSA was "a sentencing statute principally designed to increase threshold quantities of drugs necessary to trigger certain enhanced penalty schemes."

Additionally, Guerrero filed a Rule 29 Motion and a Rule 33 Motion for a new trial based on inter alia several Ineffective Assistance of Counsel claims and a Brady violation which this Court subsequently denied both motions in their entirety.

Guerrero filed a timely petition for a writ of Certiorari to the Supreme Court which was further denied on October 2, 2016. Therefore, he now seeks to vacate his unconstitutional conviction pursuant to 28 U.S.C. §2255(a). Based on a claim that his Defense Counsel(s) were constitutionally ineffective as provided in the Sixth Amendment to the United States Constitution.

## INEFFECTIVE ASSISTANCE OF COUNSEL
## STANDARD OF REVIEW

The benchmark in an ineffective assistance of counsle claim, the court relies on the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Strickland, the United States Supreme Court held that a finding of ineffective assistance of counsel requires a two-pronged showing and a habeas petitioner bears the burden of persuasion for both prongs. id. at 687. Petitioner must show that:

(1) Counsel's representation was deficient, and

(2) Petitioner was prejudiced by the perormance. Id. at 693. To prevail, both prongs must be satisfied and if Petitioner makes an insufficient showing on First prong, the court need not address the other. Id. at 697.

To satisfy First prong one, the petitioner must show that counsel's performance was deficient. Id. at 687. "Deficient performance" is not merely below average; rather council's action's must fall below objective standards of reasonableness. Id. at 687-88. In assessing an attorney's performance, judicial scrutiny must be "highly deferential" to tactical decisions and the court must filter from its analysis in distorting effects of hindsight. Id. at 689. The first prong of Strickland necessitates a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

To show prejudice, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Petitioner may also demonstrate per se prejudice in three contexts:

(1) where counsel is not present at a key stage of the proceedings;

(2) where counsel fails to subject the prosecution's case to meaningful adversarial test; or

(3) where the circumstances are such that the chance of any competent counsel providing effective assistance is so small as to warrant a presumption of prejudice. Lenz v. Washington, 444 F.3d 295, 303-304 (4th Cir. 2006).

## CLAIM I.

A Conviction for intentional murder while engaged in a drug trafficking conspiracy in violation of 21 USC §848(e)(1)(A) provides in relevant part:

> [A]ny person engaging in an offense punishable under Section 841(b)(1)(A) of this title...who intentionally kills...or causes the intentional killing of an individual and such killing results; shall be sentenced to any term of imprisonment, which shall not be less than 20 years and which may be up to life imprisonment, or may be sentenced to death ...28 U.S.C§848(e)(1)(A).

Petitioner Guerrero now argues that his counsel was constitutionally ineffective for (1) Failure to challenge the 5 year statute of limitations for a non-capital offense pursuant to 18 USC §3282 and (2) for failure to present an actual innocent claim where the Jury failed to find an essential element of the offense charged.

## 5 YEAR STATUTE OF LIMITATION

Even though capital offenses punishable by death may be found at any time without limitation under 18 U.S.C. §3281, non-capital offense under 18 U.S.C. §3282, in general held that:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or information is instated within five years next after such offesne shall have been committed.

In Matthew v. United States, 622 F3d 99, (2d Cir. 2010) held that Title 21 USC §848(e)(1)(a) that statute Matthews was charged under only authorizes capital punishment under some circumstances. Specifically, Capital punishment only authorized when the charging instrument exposes the defendant to the risk of capital punishment. Id. at 100.

In Matthews, the defendant waived his indictment by grand jury and plead

- 6 -

guilty to a drug-related mureder under 21 U.S.C §848(e)(1)(A). The Second circuit found that because the information as charged had set forth no aggravating elements for capital punishment within the information in which he plead guilty to that his indictment waiver was valid under the Fifth Amendment Right that [no] person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury. U.S. Const. amend. v.c..11.

In accordance with the Supreme Court's decision in Gregg v. Georgia, 428 U.S. 153 (1976) the High Court approved modern capital punishment statutes that required findings of particular aggravating circumstances before a Jury could impose a death penalty. Second, in Apprendi v. New Jersey, 530 U.S. 466 the Supreme Court held that under the Sixth Amendment, any fact other than the fact of a prior conviction that increases a defendant's sentence beyond the statutory maximum must be submitted to the Jury and proven beyond a reasonable doubt. Id. at 489. Two years later in Ring v. Arizona the Supreme Court clarified that an aggravating factor necessary under Arizona law to impose the death penalty must under Apprendi be found by Jury and not the sentencing Judge. Ring 536 US 584, 609 (2002)

The Second Circuit further reasoned in Matthews that:

> Although Apprendi and Ring did not address the Fifth Amendment, we have held that the logic of those cases requires that statutory aggravating factors be alleged in the indictment in capital cases. United States v. Fell, 531 F.3d 197, 237 (2d Cir. 2008)' United States v. Quinones, 313 F.3d 49, 53 n.1 (2d Cir. 2002). Morevoer, federal sentencing statutes authorize the imposition of capital punishment only when the prosecutor timely files a notice specifying the aggravating factors justifying the death penalty. 18 U.S.C. §3593(a). Matthews 622 F3d at 102.

A review of the indictment in the Instant Case makes it abundantly clear that the Government made a tactical decision not to charge Guerrero with a capital offense under the 848(e) statute. Specifically the indictment failed to allege any aggravating factors or mitigating evidence that would support Guerrero's eligibility to receive the death penalty. More importantly the

-7-

indictment further failed to give fair notice to Guerrero that he faced the possibility of a death penalty upon conviction. Essentially there is where in the record that shows where the US Attorney filed a timely notice specifying the alleged aggravating factors justifying the death penalty as statutory required under 18 USC §3593(a) without the government filing a §3593(a) notice requesting a special hearing to determine whether a sentence of death is justified proves beyond a doubt that the government made a conscious decision not to charge Guerrero with a capital offense under Section 848(1)(A). As the Second Circuit made clear in Matthews, 622 F3d at 100 21 USC 848(e)(1)(A) authorizes capital punishment under some [but not all] circumstances.

Accordingly, Section 848(e)(1)(A) along with the 18 USC §1111 and 18 USC §1958 all authorizes capital punishment under some [but not all] circumstances. Capital punishment is permissable only when the Government sets forth the aggravating factors in the indictment, which in turn requires the Jury to find those factors beyond a reasonable doubt as the Supreme Court clarified in Apprendi and Ring. Then, and only then, would the offense under the above named statute become a capital offense after the aggravating factors are found by the Jury. Moreover the Matthews Court made clear that a defendant can be charged and convicted of 2 separate and distinct crimes under §844(e)(1)(A) one for a non-capital offense without the Jury finding the aggravating factor or a capital offense when the defendant is charged with the aggravating factors within the Jury and proven beyond a reasonable doubt. The same distinction holds true under 18 USC §1958 where a defendant can be charged under 3 different offenses under the same statute; however only one of those offenses would subject the defendant to a capital offense.

Because the Government intentionally failed to charge Guerrero with a capital offense under the §848(e)(1)(A) statute then clearly the 5 year statute of limitations could control whether Guererro could still be prosecuted for the murder of Ortega and Garrido that took place on September 3, 1994, approximately 15 years prior to the Government filing formal charges against Guerrero. The answer is unequivocally no, therefore Guerrero trial and Appellate Counsel's both proved to be constitutionally ineffective as prescribed in Strickland for not contesting the statute of limitations issue where clearly the Government failed to charge Guerrero with a capital offense within the indictment, which requires this Court to vacate Guerrero's conviction based on the statute of limitations and for Defense Counsel(s) constitutional error that deprived Guerrero of a fair trial as provided by the Sixth Amendment to the United States Constitution.

## CLAIM II:

Petitioner is Actually Innocent of the Murder Offense Charge Under 21 USC §848(e)(1)(A).

Petitioner's actual innocent claim presents two separate claims. First, as previously argued above, because the Government failed to pursue the death penalty as required under 18 USC §3593(a), nor did the indictment give Guerrero fair notice that he could receive the death penalty upon conviction, the Government clearly abandoned any intentions to seek the death penalty. In Sawyer v. Whitley, 505 U.S. 333 (1992) the Supreme Court held that the concept of "actual innocence" could be applied to mean "innocent" of the death penalty. Id. at 343. The Court went on to reason that "sensible meaning is given to the term "innocent of the death penalty" by allowing a showing in addition to innocence of the capital crime itself a showing that there was no aggravating circumstance or that some other condition of eligibility had been met. Id. at 345.

It is clear that the Government never charged/proved beyond a doubt the existence of any aggravating factors which were prerequisites under Federal Law for the imposition of the death penalty. Accordingly, once the Government failed to prove the necessary aggravating factors that could make Guerrero eligible for the death penalty [or capital crime] which explicitly proves that Guerrero is actual innocent of the death penalty, thus triggering the 5 year statute of limitations as provided in [and previously argued] 18 USC §3282.

Therefore, concluding that becasue Guerrero was charged several years past the 5 year statute of limitation had expired then his conviction under 18 USC §848(e)(1)(A) that was never charged as a capital offense can no longer stand.

The second part of Guerrero's actual innocence claim is that the Government failed to prove to the jury beyond a reasonable doubt an essential element of the offense.

The United States Constitution provides that no person shall be "deprived of life, liberty or property without due process of the law." U.S. Const. Amendment v. Due Process Rights. entitles a criminal defendant to a Jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt. United States v. Gaudin 515 U.S. 506, 510 (1998); See also In Re Winship, 397 U.S. 358; 364 (1970); Gilmore v. Taylor, 508 U.S. 333, 343-44 (1993). Thus if the Government fails to prove an element of the offense beyond a reasonable doubt, such as Guerrero participated in a drug conspiracy pursuant to §841(a)(1)(b)(1)(A) while engaging in murder then in reality Guerrero would be actual innocence of the §848(e)(1)(A) offense.

As this Court is well aware of the Fair Sentencing Act of 2010 (FSA) altered the threshold amount of crack cocaine from 50 grams to 280 grams that would be required for a conviction under the (b)(1)(A) section to the §841(a)(1) statute that is the essential element to the 848(e)(1)(A) statute.

This Court in its Amended Sentencing Opinion has already determined that the FSA would apply retroactively to Guerrero's sentence pursuant to the Supreme Court decision in Dorsey v. United States, 132 S.Ct. 2321 (2012) which held the FSA to be retroactive.

However, Guerrero's Defense Counsel was constitutionally ineffective where in his sentencing Memorandum he failed to argue that Guerrero's conviction should be vacated because the Government failed to prove to the Jury the essential element to the §848(e)(1)(A) offense, that Guerrero had engaged in a drug conspiracy to distribute 280 grams [not 50 grams] of crack cocaine, as now required by the FSA. Instead, defense counsel only argued that Guerrero could no longer be sentenced to the mandatory minimum penalty of 20 years because the Jury failed to find the new threshold amount of 280 grams of crack cocaine. This argument proved to be frivolous because proven by the 25 year sentence that this Court imposed under the advisory guidelines this Court was free to sentence Guerrero over or even above the statutory minimum penalty of 20 years.

This argument become exclusively prevelant within the government's direct appeal brief where the US Attorney stated:

> Guerrero did not move to set aside the jury's verdict in light of the FSA's enactment. Instead, he sought relief from the mandatory minimum sentence for a violation of Section 848(e)(1). Arguing in his sentencing memorandum that the FSA's "redesignation of the minimum quantity of crack serves to void the 20 year statutory minimum here, where a 280 gram threshold was neither charged nor found by a jury," Guerrero asked Judge Sweet to sentence him without regard to Section 848(e)(1)(A)'s 20-year mandatory minimum. The Government opposed Guerrero's position on the statutory minimum, arguing that, if the jury instructions were erroneous in light of a subsequent change in the law, the remedy is "not to eliminate a mandatory minimum; it is to vacate the conviction for that offense" and order a new trial. ("If the convictions fail, Guerrero is entitled to a new trial. There is no middle ground.")). Even though the issue had been squarely presented, Guerrero declined to ask Judge Sweet to set aside the verrdicts, seeking instead to be sentenced without regard to the mandatory minimum. (seeking relief in the form of a "sentence of less than twenty years")).

As the Government so candidly put it "if the Jury instructions were erroneous in light of a subsequent change in the law, the remedy is not to eliminate a mandatory minimum; it is to vacate the conviction for that offense and order a new trial."

Clearly proving that Guerrero's Trial Counsel was constitutionally ineffective for not challenging the validity of the conviction, based on the fact that Guerrero was actual innocent of the §848(e)(1)(A) charges where the Jury failed to find an essential element to the offense. Instead of Defense Counsel challenging only the statutory minimum 20 year sentence provision.

Further, Guerrero's Defense Counsel[s] could have challenged the validity of this conviction under the actual innocence principle of law premised on the following circuit court's decisions. For example, in United States v. Jones 101 F3d 1263 (8th Cir. 1996), the Court vacated Jones' conviction for murder while engaged in a drug conspiracy based on the principle that one must kill while engaged in an offense punishable under section 841(b)(1)(A) under §848(e)(1)(A). The Eighth Circuit concluded that Jones conspiracy was not punishable under §841(b)(1)(A) because application of the Double Jeopardy Clause to Jones' predicate conspiracy conviction has eliminated the possibility that §841(b)(1)(A) could be triggered "because the Double Jeopardy Clause as applied in this case renders Jones' drug conspiracy unpinishable the government cannot establish a necessary element upon which Jones' conviction for murder while engaging in the conspiracy rests. Accordingly that conviction cannot stand." Id. at 1268.

Moreover, as for Guerrero's Actual Innocent claim, this Court said it best in its Amended Sentencing Opinion: "Since the requisite quantity of drugs must be proved to establish the predicate narcotics conspiracy for purposes of 21 USC §848 (See United States v. Martinez-Martinez No. 01 Cr 307, 2001 U.S. Dist. LEXIS 17558, 2001 W.L. 1287040 *2 (S.D.N.Y Oct 24, 2001), then for purposes of 21 USC 848(e)(1)(A) Guerrero cannot be sentenced because the requisite element of 21 USC §841(b)(1)(A) has not been established. As this Court pointed out that the jury did not prove the requisite element of the narcotic conspiracy than under what statute was Guerrero convicted of and sentenced under?

Furthermore, by this Court stating that "anology to the guideline for First Degree murder under 18 USC 1111 is inappropriate in this case because in order to prove murder in the First Degree, the government must establish among other things that the defendant acted with premeditation. However, this Court went on to state that, "analogy to Second Degree Murder...is appropriate in these circumstances." Therefore concluding that since this Court found that Guerrero could not be sentenced under the Frst Degree Murder Statute [only under Second Degree], therefore it becomes clear that Guerrero was convicted for non-capital offense, which would require having a five (5) year statute of limitations in which to bring the criminal indictment against Guerrero.

Furthermore a different District Court decision bolsters Guerrero's Actual Innocent claim in United States v. Gomez-Marmolejas, 210 F.Supp 2d 465; (SDNY 2002) which held that:

> Because the jury found that Marmolejas could not have reasonably forseen that the conspiracy involved one kilogram or more of a mixture or substance containing a detectable amount of heroin, the jury's finding of guilt on Count 5 [the §848(e)(1)(A) offense] is inconsistent with its verdict on Count 4 [the drug conspiracy offense]. Accordingly, the Jury's verdict on Count five is set aside as to Marmolejas and he is acquitted on that Count.

The above opinion clearly demonstrates that this Court did not have the legal authority to sentence Guerrero under the Second Degree Murder Statute after the jury failed to find that Guerrero intentionally committed the alleged murders while engaged in a major drug conspiracy involving the required 280 grams of crack cocaine under §841(b)(1)(A) in order to sustain a conviction under the §848(e)(1)(A) offense.

Additionally, the Marmolejaz decision presents two inconsistent opinions to two identical cases where the Jury's failed to find the pre-requisite amount of drug in order to find a defendant guilty of intentional murder while engaged in a major drug conspiracy. Simply put, as the Marmolejas Court determined and this Court should have also found that it did not have the authority or jurisdiction to impose any sentence under §848(e)(1)(A) where the Jury failed to find the necessary amount of drugs as one of the key elements to sustain a conviction pursuant to §848(e)(1)(A). Which requires this Court to vacate Guerrero's conviction and remand for a new proceeding.

Simply put, when this Court found that Guerrero could be sentenced under the Second Degree Murder provisions within the §1111 Statute it eliminated the necessary aggravating factors that the Government would have had to prove in order to establish that Guerrero was convicted of a capital offense.

Additionally in Fourth Circuit has come to the same conclusion in United States v. Jordan, 509 F3d 191 (4th Cir. 2007), which held:

> The drug conspiracy element of the crime defined in 21 USC §USCA 848(e)(1)(A) is as essential to the Government's burden of proof as the murder element itself. As such, we cannot validate the Government's prosecution of Gordon for the crime charged in the 2004 indictment because to do so would run afoul of the [earlier 2002] plea agreement terms, i.e. the government cannot meet its burden of proof on any of the charged crimes without proving the very conspiratorial conduct that was made off limits by the [2002] plea agreement. Id. at 198.

Here, the same principle of law applies ; the government cannot meet its burden of proof on the murder while engaging in a drug conspiracy without proving the very conspiratorial conduct that the government had recognized as off limits due to the fact that Guerrero had terminated his participation in the drug conspiracy well past the date in which the 5 year statute of limitations had expired. Therefore, proving once again that Guerrero's defense counsel's deficient performance falls well below the objective standard or reasonableness which clearly prejudiced Guerrero which was sufficeint to undermine the confidence in the outcome of the trial. Strickland 466 US at 694.

### CLAIM III.

#### DEFENSE COUNSEL FAILED TO OBJECT TO DISTRICT COURT'S ERRONEOUS CRIMINAL HISTORY CATEGORY CALCULATION

Defense Counsel was Constitutionally ineffective for failure to object to the 4 points for Criminal History that the PSI Report indicated for two prior state convictions that placed Guerrero in a Criminal History Category of III. Both of these prior convictions (1) Criminal Possession of a Contraband Substance [assessed 3 points for] and (2) Attempted Assault [a class (A) Misdemeanor assessed 1 point for]. Guerrero had been discharged from 15 years prior being sentenced on the instant offense, therefore both of these prior convictions would now qualify pursuant to USSG §4B1.1 of the Criminal History Category section to the guideline manual which clearly states:

A sentence imposed more than fifteen years prior to the defendant's commitment of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period. See §4A.2(e).

Here, Guerrero was clearly released from custody fifteen years prior to this Court imposing sentence on the instant offense. Therefore, Guerrero's trial and appellate Counsel[s] were constitutionally ineffective for failure to challenge the Court's determination of the 4 points assessed by the Probation Department for the four (4) Criminal History points.

In United States v. Lopez, 349 F3d 39 (2d Cir. 2003) the Second Circuit held that:

> For purposes of calculating Criminal History under the Sentencing Guidelines, the term "prior sentence" is "not directed at the chronology of conduct, but the chronology of the sentence." Section 4A1.1 of the Guidelines "makes no exception for a prior sentence imposed for a crime that took place after the crime currently before the sentencing judges." Id at 41-42.

The Second Circuit further clarified that Section 4A1.2(a)(1) defines the term "prior sentence" as any sentence previously imposed upon adjudication of guilt...for conduct not of the instant offense." Application Note 1 to §4A1.2 states; "prior sentence means a sentence imposed prior to sentencing on the instant offense other than a sentence for conduct that is part of the instant offense (emphasis added) also see United States v. Espineal, 981 F2d.664, 668 (2d Cir. 1992).

During sentencing this Court determined that Guerrero's prior state drug conviction was not part of the related drug conspiracy that needed to be found for his §848(e)(1) conviction. However Guerrero was discharged from that state drug conviction 15 years prior for this Court imposing sentence on the instant offense, therefore it would no longer qualify as a "prior offense" under the commentary to the fifteen year statute of limitation in §4A1.2(e).

- 16 -

Additionally, it is not clear whether this Court assessed Guerrero's prior attempted assault conviction under section (c) or under section (e) to §4A1.1. First Guerrero's Attempted Assault conviction was a Class A misdemeanor that does not carry a term of imprisonment over one year as required by Section (e) to §4A1.1. Second, even if the one (1) point Criminal History of the Attemtped Assault charge was assessed under Section (c) [or section (e)] either way Guerrero was still discharged from that offense fifteen years prior for this Court imposing sentence to the instant.

If it was not for Guerrero's Defense Counsel's constitutional error then his Sentence Range 360 to Life at base offense level 40, Criminal History Category I, which provides for a sentencing range of 292 to 365 months. Therefore, Guerrero's Defense Counsel[s] were clearly constitutionally ineffective for failure to object to the District Court sentencing him under Criminal History Category III instead of Category I.

## CONCLUSION

This case presents a clear example of a defendan't deprivation of his consitutional right to be represented by effective assistance of counsel where Petitioner's Attorney[s] failed to challenge the validity of his conviction under the statute of limitations and under actual innocence after the government failed to prove essential element offense.

Therefore for the above given reasons, this Court should vacate Petitioner's conviction and remand for further proceeding as this Court deems necessary.

Respectfully Submitted,

*Antonio Guerrero*
Antonio Guerrero

- 17 -

## CERTIFICATE OF SERVICE

I, Antonio Guerrero, hereby certify pursuant to 28 U.S.C. §1746 that a true and correct copy of Petitioner's Memorandum of Law in Support to Title 28 U.S.C §2255(A) has been served on the following party being deposited as First Class Pre-Paid U.S. Mail/Legal Mail mail with the institutional staff at Federal Bureau of Prisons Low Security Correctional Institution--Allenwood at White Deer, Pennsylvania 17887-1000.

Served on:   U.S. Attorney Office
Southern District of New York
One St. Andrews Plaza
New York, NY 10007

