UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Antonio Guerrero,
       Petitioner

v.                           Case No. 17-Civ-7893 (RWS)
                                      09-CR-339 (RWS)

United States of America,
       Respondent

## PETITIONER'S TRAVERSE BRIEF

Petitioner Antonio Guerrero, acting pro se, respectfully opposes the Government Motion in opposition to his 28 USC §2255 motion based on the following factual statements and law.

## DISCUSSION

The Government contends that this Court should dismiss Guerrero's first two claims based on his argument that the Government never alleged the required aggravating factors in the indictment nor were they proven beyond a doubt during trial that would allow the government to seek the death penalty. For failure to do so, consequently, triggered the 5 year statute of limitations as provided in 18 USC §3282(a). In coming to this conclusion, the Government relies entirely on the Second Circuit decision in United States v. Payne, 591 F3d 46 (2d Cir. 2010). However the Government completely ignores a similar case, ruled on by this Circuit that came to a completely opposite conclusion as the Payne Court did, on the exact same issues. Specifically whether 18 USC 848(e)(1)(A) can be charged as a non-capital offense. Apparently it can according to the Second Circuit in Matthews v. united States, 622 F3d 99 (2d Cir. 2010).

1

Moreover, the Matthew's Court addressed the charging instrument which held that when the Government fails to charge a defendant under 21 USC §848(e)(1)(A) statute as a capital offense, then a defendant can be convicted by waiving indictment by a grand jury where the information in the charging instrument set forth "no" aggravating elements for capital punishment. The same is true in Guerrero's indictment, where his indictment failed to set forth any aggravating elements that would allow for a sentence of death upon conviction. In truth, there are a lot more similarities in Guerrero's case to Matthews than there are to Payne, which the Government relies on so heavily. Even this Court determined that it could not sentence Guerrero under the first degree murder under 18 USC §1111 but instead had to sentence him under the second degree murder provision within 18 USC §1111. Clearly eliminating the capital offense element and thus triggering the 5 year statute of limitations provided in 18 USC §3282(a).

Additionally, when comparing both of the "statute of limitations" statutes 18 USC §3281 versus 18 USC §3282, the meaning of both statutes become ambiguous as to Congress intent, as to what qualifies as a capital offense that would void any statute of limitations under 18 USC §3281. For example, a defendant that was charged under the 18 USC §1959 could fall under a capital or non-capital offense depending on what section of the §1959 statute he was charged under. Therefore, what becomes unclear is would he be subject to 18 USC §3281 capital offense limitation or would he be subjected to 18 USC §3281(a) non-capital offenses, 5-year statute of limitations. Consequently, what becomes uncertain was it Congress' intent that if an offense such as 21 USC §848(e)(1)(A) was not charged as a capital offense where the Government failed to allege the aggravating demands within the indictment then would that offense still fall under §3281 capital offenses or would it now be subjected to the 5 year statute of limitations as provided in §3282(a).

2

Simply put, where the Government filed an indictment well past the 5 year statute of limitations for non-capital offenses as provided in 18 USC §3282(a), then to error on the side of caution the Government should be required to alleged the aggravating elements in the indictment that would cure any statute of limitations concerns as provided in 18 USC §3281.

More importantly, a statute that has a reference of punishment by death is not necessarily a capital offense. A perfect example of this is written within the Federal Murder Statute under 18 USC §111 when the statute references a long list of conduct that constitutes First Degree Murder, then states "Any other murder is murder in the second degree." Further, under the penalty section of the §1111 statute for first degree murder clearly states;

> Whoever is guilty of Murder in the First degree shall be punished by death or by imprisonment for life.

However, the penalty of Second Degree Murder holds;

> Whoever is guilty of murder in the Second Degree shall be imprisoned for any term of years or for life.

Therefore concluding that a defendant that is convicted of second degree murder would explicitly be convicted of a non-capital offense even though the statute contains the term punishable by death. And as the Court is well aware of, it found that Guerreros's sentence was cognizable to Second Degree Murder. Therefore, Guerrero was clearly convicted on a non-capital offense that would be subjected to the 5 year statute of limitations within 18 USC §3282(a).

Finally, in <u>Payne</u> the Second Circuit concluded that for purposes of the indefinite limitation period provided by 18 USC §3281, an offense is "punishable by death" when the statute "authorizes death as a punishment" regardless of whether the particular defendant is death-eligible <u>Payne</u>, 591 F3d at 59. And as this Court ruled during the sentencing phase that since Jury did not find the necessary amount of drugs 280 grams of crack cocaine as a key element

3

of the offense, then Guerrero could not be ~~convicted~~ sentenced under the §848(e)(1)(A) statute nor was the jury asked to find premeditated. Therefore, the only alternative was that Guerrero was convicted and thus sentenced under the Second Degree Murder under 18 USC §1111. In truth, if this Court stands by its sentencing decision, then it must dismiss the charges at this time because the Federal Government lacks the territorial jurisdiction to prosecute Guerrero for state murder charges, which further triggered the 5 year statute of limitations under 18 USC §3282(a).

Additionally, as held in Fed.R.Crim.P.7(c)(1) "The indictment or information must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Clearly in the instant case, the Indictment failed to set out the aggravating factors that would have concisely demonstrated the Government intention that Guerrero was being charged with a capital offense under 18 USC §3281. Without those essential facts set out in the indictment, the Government has failed to prove that Guerrero was charged with a capital offense. Therefore, under the Rule 7(c)(1) Guerrero was charged with a non-capital offense that has a 5 year statute of limitations, which makes the present case more in line with Matthews than it does with Payne.

At the present time the United States Supreme Court has not had a chance to rule on the ambiguities between 18 USC §3281 and 3282(a) as it relates to a capital offense verses a non-capital offense pursuant to the statutory interpretation. In the abundance of caution, petitioner now argues that under due process, the Rule of lenity, and the interest of Justice that he should not have been convicted of any offense under the strong presumption of actual innocent premised on the 5 year statute of limitations in which the Government can lawfully charge him under 18 USC §848(e)(1)(A).

Further the invocation of the "rule of lenity, which comes into play when 'ordinary tools of legislative construction fails to establish that the Government's position is unambiguously correct' as with the instant case in United States v. Valle, 807 F3d.508, 526 (2d Cir. 2015), which would certainly be adequate reason for this Court to conduct a further inquiry by holding an evidentiary hearing concerning Guerrero's first 2 claims that are similar in nature.

4

## ERRONEOUS CRIMINAL HISTORY CALCULATION

The Government contends that Guerrero's Criminal History Category calculation was correctly calculated becasue the fifteen limitation period between prior offenses begins from the date in which the instant offense allegedly occured, that from the date of conviction or sentencing.

However, what is telling here is that the Government offers no case authority to support its claim (as compared to all the case law Petitioner supplied to support his claim). Furthermore, if the Government is actually correct then this Court could not have applied the 3 criminal history points for Guerrero's October 20, 1995 conviction for criminal possession of a controlled substance in the second degree simply because the commencement of that offense took place 13 months after to the instant offense. Therefore, it would not qualify as a prior conviction, since that conviction took place after the instant offense was committed. Simply put, it would not fall into the category of a "prior conviction."

Consequently, whether Guerrero is right that his prior conviction did not qualify because he was released from prison more than 15 years prior to him being sentenced on the instant offense as provided in USSG §4A1.2(e)(1), or as the Government maintains that the 15 year time period starts at the date that the instant offense is committed, than Guerrero's October 20, 1995 drug offense would not qualify as a prior offense because it occurred after (not prior to) the instant. Either way, it is clear that this Court miscaluclated Guerrero's criminal history points that substantially increased his sentence that now needs to be corrected through the instant motion --based on his Counsel's ineffectiveness for not challenging Guerrero's erroneous criminal history category evaluation.

## CONCLUSION

Therefore for the above given reasons this Court should now appoint new counsel for Petitioner and remand for an evidentiary hearing on all grounds raised in Petitioner's 18 USC §2255 motion.

Respectfully Submitted,

*Antonio Guerrero*
Antonio Guerrero

## CERTIFICATE OF SERVICE

I, Antonio Guerrero, hereby certify pursuant to 28 USC §1746 that a true and correct copy of the above Traverse Brief has been served on the following party being deposited as First Class Prepaid US Mail/legal mail with the institutional staff at Federal Bureau of Prisons Low Security Correctional Institution Allenwood at White Deer, Pennsylvania 17887-1000.

Served on:

To: U.S. Attorney's Office
One Saint Andrew's Plaza
New York, NY 10007

-004
itution Allenwood


CERTIFIED MAIL®

7017 1070 0000 8753 5803

1/16
m155



⇔82375-004⇔
Clerks Office
U.S. District Court
500 Pearl St.
NEW YORK, NY 10007
United States


USM P3
SDNY