```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ANTONIO GUERRERO,

                Petitioner,              17 Civ. 7893 (RWS)

     -against-                                 OPINION

UNITED STATES,

                Respondent.
------------------------------------X

A P P E A R A N C E S:


     Pro Se Petitioner

     ID No. # 82375-004
     Low Security Correctional Institution, Allenwood
     P.O. Box 1000
     White Deer, PA 17887
     By:  Antonio Guerrero


     Attorneys for Respondent

     GEOFFREY S. BERMAN
     United States Attorney
     Southern District of New York
     86 Chambers Street, 3rd Floor
     New York, NY 10007
     By:  Laurie A. Korenbaum, Esq.
```

**Sweet, D.J.**

Petitioner-defendant Antonio Guerrero ("Guerrero" or the "Petitioner") has moved pursuant to 28 U.S.C. § 2255 to vacate his twenty-five year sentence of imprisonment (the "Petition"), imposed by this Court after he was found guilty following a jury trial of two counts of intentional murder during the course of a drug conspiracy, in violation of 21 U.S.C. § 848(e) (hereinafter, "Section 848(e)"). Based on the facts and conclusions set forth below, the Petitioner's motion is denied.

I.  **The Facts & Prior Proceedings**

The factual background and procedural history of this litigation is detailed in prior Opinions of this Court, familiarity with which is assumed. *See, e.g., United States v. Guerrero*, No. 9 Cr. 339 (RWS) (S.D.N.Y. Dec. 1, 2011) (motion for new trial and judgment of acquittal); *United States v. Guerrero*, No. 9 Cr. 339-001 (RWS) (S.D.N.Y. Jan. 19, 2012) (sentencing opinion); *United States v. Guerrero*, No. 9 Cr. 339 (RWS) (S.D.N.Y. Aug. 7, 2013) (motion for judgment of acquittal); *United States v. Guerrero*, No. 9 Cr. 339 (RWS) (S.D.N.Y. Oct. 2, 2014) (amended sentencing opinion).

2

The indictment ("Indictment") was filed on April 7, 2009, containing eight counts for the September 3, 1994 murders of Livino Ortega ("Ortega") and Fernando Garrido ("Garrido"); the October 9, 1994 murder of Leonard Overman ("Overman") and non-fatal shooting of Alvino Wade ("Wade"); and the December 13, 1994 murder of Carmen Diaz ("Diaz") and non-fatal shooting of Genero Rodriguez ("Rodriguez"). The shootings all took place in the Bronx, and were perpetrated by members of the Solid Gold drug distribution organization, which at that time was operating at 173rd Street and Boston Road. Two counts named Guerrero as a defendant. See Dkt. 1. Counts One and Two charged Guerrero with the intentional murders of, respectively, Ortega and Garrido in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2.

The jury trial of Guerrero and two co-defendants commenced on April 28, 2010, and the jury reached a verdict on June 4, 2010, finding Guerrero guilty of Counts One and Two. On February 7, 2011, Guerrero moved for a judgment of acquittal or, in the alternative, a new trial, pursuant to Federal Rules of Criminal Procedure 29 and 33. See Dkt. 114. Guerrero argued that there was insufficient evidence supporting that he had committed the murders, and that the Government was barred by the applicable statute of limitations from presenting evidence of the narcotics conspiracy that was a predicate to the Section

3

848(e)(1)(A) murders. On June 1, 2011, Guerrero filed a supplemental memorandum in support of his motion, arguing that the Government knowingly presented inconsistent testimony, trial counsel was ineffective, and the Government was required to convict Guerrero of the predicate drug crime, which it did not, in order to sustain the Section 848(e)(1)(A) convictions. *See* Dkt. 124. Guerrero's motions were denied. *See* Dkt. 131. On April 2, 2012, Guerrero filed another supplemental Rule 29/33 motion, arguing that trial counsel had been ineffective for failing sufficiently to impeach the ballistics evidence at trial. *See* Dkt. 141. An evidentiary hearing was held and this motion was denied on September 5, 2012. *See* Dkt. 160.

On October 6, 2014, Guerrero was sentenced to a term of twenty-five years of imprisonment on each of Counts One and Two, to run concurrently, followed by a five-year term of supervised release. *See* Dkt. 198. Guerrero filed an appeal of his conviction on October 29, 2014. *See* Dkt. 200. On March 3, 2016, the Second Circuit affirmed the conviction and remanded for the sole purpose of making a clerical correction to the judgment's description of Count One.

Petitioner moved on October 11, 2017 to vacate, set aside, or correct his conviction and/or sentence pursuant to 28

4

U.S.C. § 2255(a). Petitioner seeks collateral relief on the following three bases: (1) that his trial and appellate counsel were constitutionally ineffective for failing to argue that a five-year statute of limitations applied to his two murder counts due to the Government's failure to claim or provide that those crimes were punishable by death; (2) that his trial counsel was constitutionally ineffective for failing to argue his actual innocence based on the fact that the Government did not prove an element of the murder counts, namely, that he was involved in a conspiracy to distribute 280 grams of crack cocaine; and (3) that his trial counsel was constitutionally ineffective for failing to challenge the inclusion of two convictions that occurred on September 8, 1993 and October 20, 1995 in the calculation of his Criminal History Category ("Criminal History Category").

Petitioner's request for an extension of time in which to file a supporting memorandum of law was granted, and the motion was taken on submission on December 20, 2017 and marked fully submitted at that time.[1]

---

[1] On January 28, 2018, almost a month after the motion was marked fully submitted, Petitioner submitted a traverse brief in response to the Government's opposition. Due to its untimeliness, this brief was not considered in ruling on the present motion. However, even if the traverse brief had been considered, its contentions are unavailing.

5

## II. The Applicable Standard

Pursuant to 28 U.S.C. § 2255, "a convicted person held in federal custody [may] petition the sentencing court to vacate, set aside or correct a sentence." *Reyes v. United States*, No. 07 Civ. 10943 (SAS), 2009 WL 274482, at *2 (S.D.N.Y. 2009). A properly filed § 2255 motion must allege that: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*, at *3. As such, "a collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) (holding that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."); *see id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 184 &

n.11 (1979) ("The reasons for narrowly limiting the relief permitted under § 2255-a respect for the finality of criminal sentences, the efficient allocation of judicial resources, and an aversion to retrying issues years after the underlying events took place-are 'well known and basic to our adversary system of justice.'").

## III. **The Petitioner's Motion to Vacate is Denied Because He Has Failed to Establish A Claim for Ineffective Assistance of Counsel**

The Petitioner asserts that his former counsel was constitutionally ineffective on three bases sufficient to warrant granting the present motion to vacate. Pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), a claim of ineffective assistance of counsel requires a showing that: "1) the defense counsel's performance was objectively unreasonable; and 2) the deficient performance prejudiced the defense." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014). To sufficiently state a claim under the first prong of *Strickland*, "a defendant must allege and demonstrate that his counsel's error clearly resulted from neglect or ignorance, rather than from informed professional deliberation." *United States v. Bosch*, 584 F.2d 1113, 1121 (1st Cir. 1978) (internal quotation

7

marks and citation omitted). Put another way, "[a]n attorney has a duty to research the applicable law and to advise his client in such a way as to allow him to make informed choices, when the attorney undertakes to represent a criminal defendant." *United States v. Khalaf*, 116 F. Supp. 2d 210, 213 (D. Mass. 1999) (citation omitted). The second prong of *Strickland* demands that the Petitioner demonstrate that "but for counsel's alleged errors, 'the result of the proceeding would have been different.'" *Nangia v. United States*, No. 11 Civ. 6056 (RMB), 2012 WL 4513477, at *2 (S.D.N.Y. Oct. 2, 2012) (citing *Strickland*, 466 U.S. at 689).

First, Guerrero alleges that his trial and appellate counsels failed to challenge the five-year statute of limitations for a non-capital offense pursuant to 18 U.S.C. § 3282. The Government argues that the statute of limitations theory put forward by the Petitioner does not apply because Section 848(e) is potentially a capital offense, and such an offense does not carry a statute of limitations. As such, the Government argues that Petitioner's counsel could not have been ineffective because it did not make a legal error in failing to challenge the statute of limitations.

The Petitioner has failed to demonstrate that his counsel was constitutionally ineffective for failing to object on the basis of the Government's violation of the statute of limitations. Critically, "[a]n indictment for any offense punishable by death may be found at any time without limitation." See 18 U.S.C. § 3281. The Second Circuit has found that "[a]n offense 'punishable by death,' within the meaning of § 3281, is one for which the statute authorizes death as a punishment, regardless of whether the death penalty is sought by the prosecution or ultimately found appropriate by the factfinder or the court." United States v. Payne, 591 F.3d 46, 59 (2d Cir. 2010). Thus, because Guerrero's violations of Section 848(e) "may be punishable by death,"[2] there is no statute of limitations barring his prosecution for the murder of Ortega and Garrido. Accordingly, Petitioner's counsel could not have been constitutionally defective for failing to object on this basis.

---

[2] Section 848(e) reads in full:

[A]ny person engaging in an offense punishable under Section 841(b)(1)(A) of this title . . . who intentionally kills . . . or causes the intentional killing of an individual and such killing results; shall be sentenced to any term of imprisonment, which shall not be less than 20 years and which may be up to life imprisonment, or may be sentenced to death.

28 U.S.C. § 848(e)(1)(A).

9

Second, Petitioner alleges that his counsel was constitutionally ineffective for failing to pursue the claim that Guerrero is "actually innocent"[3] of the two Section 848(e) murder counts. He argues that because the Government failed to prove to the jury an essential element of the Section 848(e) offense, specifically that Guerrero had engaged in a drug conspiracy to distribute 280 grams (rather than 50 grams) of crack cocaine, his counsel should have made the claim that Guerrero had not been found guilty by the jury as to the 280 gram charge. The Government rightly notes that Petitioner's counsel in fact did raise this argument to the Second Circuit on direct appeal, so cannot be found to have been constitutionally ineffective in failing to bring it.

By way of background, at the time that Guerrero was indicted in 2009 and at the time of his conviction in 2010, a violation of 21 U.S.C. § 841(b)(1)(A) required proof of a narcotics conspiracy or of narcotics distribution involving a minimum of 50 grams of crack cocaine. By the time Guerrero was

---

[3] For context, and as relevant to this motion, in order to establish actual innocence, "petitioner must demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)) (internal quotation omitted). This standard is demanding and tenable pleas of this nature are rare. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

sentenced in 2014, the Fair Sentencing Act ("FSA") had been enacted, requiring a showing of at least 280 grams of crack cocaine. In his direct appeal, Petitioner's counsel specifically raised the argument that because the United States Supreme Court had deemed the FSA to apply retroactively to defendants who committed crack cocaine offenses before August 3, 2010, but who had yet to be sentenced as of that date, Guerrero's conviction must be vacated. *See United States v. Guerrero*, 813 F.3d 462, 465 (2d Cir. 2016) ("Guerrero argues that the FSA compels vacatur of his conviction."). Indeed, Guerrero's counsel did raise this argument, and the Second Circuit rejected it. *See id.* ("This argument misreads § 848(e)(1)(A), misunderstands the FSA, and misapplies *Dorsey*. . . . The crime is complete at the time of the murder, *see* 21 U.S.C. § 848(e)(1)(A), and it is as of that time that the statute's drug trafficking element is measured."). As such, this claim is similarly denied.

Third, Petitioner argues that his counsel was constitutionally ineffective in failing to object to the inclusion of Guerrero's two prior state convictions in the calculation of his Criminal History Category. However, in calculating the Criminal History Category, United States Sentencing Guideline ("U.S.S.G.") Section 4A.2(e)(2) provides that "[a]ny other prior sentence that was imposed within ten

11

years of the defendant's commencement of the instant offense is counted." *See* U.S.S.G. § 4A.2(e)(2). Guerrero committed the murders of Ortega and Garrido on September 3, 1994, so this is the date upon which Guerrero commenced the instant offense. As to Guerrero's two prior convictions, first, he was convicted on September 8, 1993 for attempted assault in the third degree, resulting in a sentence of 30 days of incarceration. Second, Guerrero was convicted on October 20, 1995 for criminal possession of a controlled substance in the second degree, resulting in a sentence of three years to life. The Court applied one criminal history point as to the first conviction and three as to the second conviction, resulting in a sum total of four criminal history points, and placing Guerrero in Criminal History Category III. Because the prior convictions rest clearly within the ten year timeline provided for in Section 4A.2(e)(2), the Court's previous calculation of Petitioner's Criminal History Category is not in error. Accordingly, Petitioner's counsel was not ineffective for failing to challenge this categorization.

**IV. Conclusion**

For the foregoing reasons, the Petitioner's motion to vacate his sentence is denied.

It is so ordered.

**New York, NY**
**February 9, 2018**

_____
ROBERT W. SWEET
U.S.D.J.